# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| MICHAEL WRIGHT,<br><br> Plaintiff,<br><br>v.<br><br>STATE OF TENNESSEE,<br><br> Defendant. | )<br>)<br>)<br>)<br>)<br>)  No. 2:25-cv-02630-SHL-cgc<br>)<br>)<br>) |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## GRANTING DEFENDANT STATE OF TENNESSEE'S MOTION TO DISMISS

Before the Court is Magistrate Judge Charmiane G. Claxton's Report and Recommendation on Defendant State of Tennessee's Motion to Dismiss, filed October 24, 2025. (ECF No. 19.) The R&R recommends that the Court grant the State of Tennessee's motion to dismiss because the State's sovereign immunity bars Plaintiff Michael Wright's claim. (Id. at PageID 137.) Wright filed his objections to the R&R on November 5. (ECF No. 20.)

For the reasons stated below, the Court **ADOPTS** the R&R and **GRANTS** the State of Tennessee's motion to dismiss.

## BACKGROUND

On June 20, 2025, Wright filed a pro se complaint against the State, challenging the constitutionality of Tennessee Code Annotated 36-3-103, which requires couples to obtain a marriage license before they wed.[1] (ECF No. 2 at PageID 4.) He asserts that this statute

---

[1] Tennessee Code Annotated Section 36-3-103(a) provides as follows:

Before being joined in marriage, the parties shall present to the minister or officer a license under the hand of a county clerk in this state, directed to such minister or officer, authorizing the solemnization of a marriage between the parties. Such license shall be valid for thirty (30) days from its issuance by the clerk.

impermissibly restrains his God-given right to marry, a right derived from the Bible and natural law, and enshrined in both the Declaration of Independence and Article VII of the United States Constitution. (See generally ECF No. 2.)

On August 12, the State filed a motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim. (ECF No. 12.) The State argues that this Court lacks subject-matter jurisdiction for two reasons. (ECF No. 13 at PageID 44.) First, Wright lacks standing, having failed to plead a sufficient and redressable injury. (Id. at PageID 45–47.) Second, the doctrine of sovereign immunity bars his suit. (Id. at PageID 47–48.) The State further contends that Wright fails to state a claim upon which relief may be granted because "there is no legal authority for his assertion." (Id. at PageID 49.) The State asserts that the phrase "our Lord" in the Constitution's date—"the year of our Lord [1787]"—is not legally operative and, further, "[t]here is no private right of action to enforce the Declaration of Independence." (Id. (first quoting U.S. Const. art. VII, and then Black v. Simpson, No. CIV.A.3:07CV-P354H, 2008 WL 544458, at *2 (W.D. Ky. Feb. 27, 2008)).)

Ten days later, Wright filed an "Affidavit of Rebuttal to Defendant's Motion to Dismiss." (ECF No. 14.) He asserts that his injury is his inability to be married without a license, he has clearly requested relief, the State does not enjoy sovereign immunity because he has the right to petition the Government, and he has set forth a claim upon which relief may be granted. (Id.)

On August 28, the State replied, reiterating its arguments. (ECF No. 15.) The R&R was filed on October 24. (ECF No. 19.) Wright filed his objections twelve days later. (ECF No. 20.)

**APPLICABLE LAW**

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations for dismissal of a complaint. 28 U.S.C. § 636(b)(1)(B). "Within 14 days after

being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1) (2017). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The sovereign immunity guaranteed by this Amendment deprives federal courts of subject-matter jurisdiction when a citizen sues his own State unless the State waives its immunity or Congress abrogates that sovereign immunity." Russell v. Lundergan-Grimes, 784 F.3d 1037, 1046 (6th Cir. 2015) (citation omitted).

Although the Constitution does not provide directly for any right of action, Congress enacted 42 U.S.C. § 1983, which "creates a right of action for the vindication of constitutional guarantees." Braley v. City of Pontiac, 906 F.2d 220, 223 (6th Cir. 1990). But § 1983 does not waive State sovereign immunity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). And the State of Tennessee has not waived it either. Tenn. Code Ann. § 20-13-102(a); Berndt v. State of Tennessee, 796 F.2d 879, 881 (6th Cir. 1986). However, an exception under Ex parte Young, 209 U.S. 123 (1908), allows a claimant to seek prospective relief against a state official in his or her official capacity to end a continuing violation of federal law that is being committed by that state official.

**ANALYSIS**

Wright raises two objections to the R&R, which appear to be primarily objections to conclusions of fact. (ECF No. 20 at PageID 139.) First, Wright states that the R&R "did not reject my point that marriage between a man and woman is an unalienable God-given right from 'our Lord' Jesus Christ which is also constitutionally protected." (Id.) Second, he contends that the R&R, along with "every judge from past cases, also failed to address the super majority of the many constitutional violations [he] pointed out . . . regarding this flawed understanding of the 11th amendment." (Id.) These appear to be objections of fact as to whether the R&R rejected or addressed his arguments. The only objection as to law that the Court can discern is that, as to the R&R's Eleventh Amendment analysis, Wright simply asserts that its "logic was incorrect." (Id.)

Reviewing de novo the findings of fact in the R&R to which Wright objects, the Court finds that the R&R correctly assessed the facts. It acknowledged, first, the fact that Wright "asserts that this statute interferes with his God-given right to be married" and, second, that he "allege[s] violations of the United States Constitution." (ECF No. 19 at PageID 133, 136.) However, although the R&R was correct to acknowledge these arguments, it was not required to analyze them because it found that the doctrine of sovereign immunity disposes of the case.

Yet, because Wright specifically objects that the R&R's "logic was incorrect" in its Eleventh Amendment analysis, the Court reviews de novo the R&R's conclusion of law concerning sovereign immunity. The Eleventh Amendment bars suits against a state from its own citizens, unless Congress abrogates, or a state waives, that sovereign immunity. U.S. Const. amend. XI; Russell, 784 F.3d at 1046. Congress has not abrogated that immunity for a § 1983 claim such as Wright's. Will, 491 U.S. at 66. Nor has Tennessee waived it. Tenn. Code Ann. § 20-13-102(a); Berndt, 796 F.2d at 881. The Ex parte Young exception is not available to Wright,

because he names no state official in their official capacity who is allegedly depriving him of his rights.  See 209 U.S. 123, 167 (holding that a state official cannot constitutionally act in their official capacity "under an unconstitutional enactment of the legislature").  Thus, Wright is barred by the Eleventh Amendment from suing the State of Tennessee for a deprivation of his right to marry without a license.  Accordingly, the Court lacks jurisdiction over Wright's claim, and it must be dismissed.

Having reviewed de novo the conclusions of the R&R to which Wright objects and finding no error, and having reviewed the remainder of the R&R and finding no clear error, the Court **ADOPTS** the R&R.

## CONCLUSION

Therefore, the Court **ADOPTS** the R&R and **GRANTS** the State of Tennessee's motion to dismiss.

**IT IS SO ORDERED,** this 20th day of January, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE
